**FEN WANG, Plaintiff–Appellant,**

v.

**Dean B. TAVERNIER, Defendant–Appellee.**

No. 14–3968–cv.

United States Court of Appeals, Second Circuit.

Nov. 3, 2015.

---

Fen Wang, Flushing, N.Y., pro se.

Dean B. Tavernier, Michigan City, IN, pro se.

PRESENT: ROBERT A. KATZMANN, Chief Judge, ROSEMARY S. POOLER, and DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Fen Wang, proceeding pro se, appeals the district court's dismissal for improper venue of her action under section 213A of the Immigration and Nationality Act, 8 U.S.C. § 1183a, seeking to enforce an affidavit of support executed by her former husband and immigration sponsor, Defendant–Appellee Dean Tavernier. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the dismissal of a complaint for improper venue. See *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 355 (2d Cir.2005). "[F]or venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Id.* at 357. The district court correctly ruled that venue was improper in the Southern District of New York because (1) Tavernier was at all relevant times a citizen and resident of Indiana; (2) the events that gave rise to this suit all occurred in Indiana; and (3) Wang did not argue that no other jurisdiction existed in which this action could be brought. See *id.* at 355–57; 28 U.S.C. § 1391(b). Wang's arguments

about Tavernier's being subject to personal jurisdiction are therefore not relevant. Wang may re-file her suit in the proper venue in Indiana.

We have considered all of Wang's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.